Chhetri v. Garland

BIA
Schoppert, IJ
A202 081 120

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of February, two thousand twenty-three.

PRESENT:
> PIERRE N. LEVAL,
> RICHARD J. SULLIVAN,
> BETH ROBINSON,
> *Circuit Judges.*

_____

BUDDHI BAHADUR CHHETRI,
> *Petitioner*,

v.                                    21-6100
                                      NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Khagendra Gharti-Chhetry, Esq.
                         New York, NY.

FOR RESPONDENT:          Brian M. Boynton, Acting
                         Assistant Attorney General; Dawn

S. Conrad, Senior Litigation Counsel; Rachel P. Berman-Vaporis, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Buddhi Bahadur Chhetri, a native and citizen of Nepal, seeks review of a January 27, 2021 decision of the BIA affirming an August 29, 2018 decision of an Immigration Judge ("IJ") denying Chhetri's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Buddhi Bahadur Chhetri*, No. A202 081 120 (B.I.A. Jan. 27, 2021), *aff'g* No. A202 081 120 (Immig. Ct. N.Y. City Aug. 29, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have considered both the IJ's and the BIA's opinions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review adverse credibility determinations under the substantial evidence standard. *See Hong Fei Gao v. Sessions,* 891 F3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are

conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Chhetri was not credible as to his claim that upper caste Maoists attacked and threatened him on account of his caste and political support for the Nepali Congress Party.

The agency reasonably relied on the following record inconsistencies: (1) Chhetri stated during his credible-fear interview and in his asylum application that individuals from an upper caste targeted him on account of his caste and not on account of his political opinion, but he later attested in an affidavit and testified that the upper caste individuals were Maoists who targeted him on account of his caste as well as his support for the Nepali Congress Party and refusal to join their party; and (2) he attested in his affidavit that Maoists broke his hand and rendered him unconscious and that he regained consciousness before being taken to the hospital, but he testified that he had broken his arm rather than his hand and that he had regained consciousness in the hospital. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). Chhetri's explanations were not compelling because there is no indication in the record that he did not understand the interpreters who translated at his credible-fear interview and helped prepare his application, and he merely restated

4

earlier statements regarding his injuries. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

These inconsistencies provide substantial evidence for the adverse credibility determination, which was dispositive of asylum, withholding of removal, and CAT relief. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court